**AFFIRMED; Opinion Filed March 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-01411-CR**
**No. 05-12-01414-CR**

**MURRELL NORMAN MUCK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-81548-11, 366-81549-11**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Lagarde[1]
Opinion by Justice Lagarde

A jury convicted Murrell Norman Muck of two intoxication manslaughter with a vehicle offenses, made an affirmative deadly weapon finding, and assessed punishment at seventeen years' imprisonment in each case. *See* TEX. PENAL CODE ANN. § 49.08(a)(1), (2) (West 2011). In a single issue, appellant contends the trial court reversibly erred in admitting into evidence the bar tab records from a bar that appellant had patronized prior to the collision that resulted in

---

[1] The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

these charges. After reviewing the record, we conclude appellant's sole "ground of error" is without merit. We affirm each conviction.

<pre>BACKGROUND</pre>

In the early morning hours of March 20, 2011, appellant drove his truck at a high rate of speed through a red light at the intersection of Coit Road and the George Bush Turnpike service road. Appellant's truck collided with a motorcycle, then traveled about 1,500 feet from the collision site. Both the driver and passenger on the motorcycle were killed. When police officers arrived, appellant was standing outside his vehicle and said there was something wrong with his truck. After officers detected the odor of an alcoholic beverage on appellant's breath, they called the DWI Unit.

Officer Anthony Foster testified appellant stated he had not eaten food, but he had consumed six 12-ounce beers earlier that evening at a bar in The Colony. Appellant was unaware he had been in an accident, and said he was driving to Waxahachie. When officers searched appellant's truck, they found seven unopened beers packed in ice. Foster, who is certified to administer field sobriety tests, asked appellant to perform three tests: the horizontal gaze nystagmus (HGN); the walk-and-turn; and the one-leg stand. Foster testified appellant exhibited six out of six clues of intoxication on the HGN, four out of eight clues on the walk-and-turn, and three out of four clues on the one-leg stand. He believed appellant had lost the normal use of his mental and physical faculties due to alcohol consumption. After appellant was arrested, he consented to give a blood sample.

Aria McCall, a forensic toxicologist, testified appellant's blood sample given approximately two hours after the collision showed appellant's blood alcohol concentration was 0.13 grams per 100 milliliters of blood. The legal limit for intoxication in Texas is having an

<pre>-2-</pre>

alcohol concentration of .08 grams per 100 milliliters of blood. McCall testified that she estimated appellant's blood alcohol concentration level would have been approximately 0.19 grams at the time of the collision.

TRIAL COURT ERROR

On appeal, appellant contends the trial court committed reversible error by overruling his objection to bar records the State offered into evidence as business records.[2] Appellant's trial objection to the bar records was based on lack of foundation and hearsay. More specifically, on appeal, appellant argues the evidence does not show the bar records were made by someone having personal knowledge of the memorialized events. Appellant relies solely on *Daimler-Benz Aktiensesellschaft v. Olson*, 21 S.W.3d 707 (Tex. App.—Austin 2000, pet. dism'd), a civil case involving the application of rule 803(6). *See* TEX. R. EVID. 803(6). Appellant does not address the issues of preservation of error or harm.

In response, the State contends error was not preserved because appellant did not object each time the evidence was offered. The State also responds that there was no error in admitting the evidence because all prerequisites to admission of the evidence under the business record exception to the hearsay rule were met, and even if there was error, it was harmless because there was other overwhelming evidence of appellant's guilt.

The record shows that although appellant initially objected when the bar owner identified the records but did not testify as to the contents of those records, appellant failed to object later to other testimony by a detective who testified about the contents of the bar records. We conclude, therefore, error has not been preserved.

---

[2] Patrick Skinner, the bar owner, sponsored the admission of the records. Skinner testified he was not at the bar on the date of the collision and had no knowledge of whether appellant was at the bar on that date.

Further, assuming without deciding the trial court did err in the admission of the bar records, we conclude any error was harmless, not reversible, error. The improper admission of evidence is non-constitutional error that an appellate court disregards unless the error affected an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). After examining the record as a whole, this Court is fairly assured the error did not have a substantial and injurious effect or influence in determining appellant's conviction or punishment. *Garcia*, 126 S.W.3d at 927. The record contains other overwhelming evidence of appellant's guilt, namely: (1) appellant's admission to the police that he was driving the truck and had consumed at least six 12-ounce beers earlier that night; (2) a strong odor of alcoholic beverage on appellant's breath; (3) appellant's failure in performing the field sobriety tests; and (4) appellant's blood alcohol centration of 0.13 grams two hours after the collision coupled with McCall's testimony that appellant's blood alcohol concentration would likely have been 0.19 grams at the time of the collision. We resolve appellant's sole issue against him.

We affirm the trial court's judgments.

/ Sue Lagarde/
SUE LAGARDE
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47
121411F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MURRELL NORMAN MUCK,
Appellant

No. 05-12-01411-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
366-81548-11).
Opinion delivered by Justice Lagarde,
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 12, 2014

/Sue Lagarde/
SUE LAGARDE
JUSTICE, ASSIGNED



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

MURRELL NORMAN MUCK,
Appellant

No. 05-12-01414-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
366-81549-11).
Opinion delivered by Justice Lagarde,
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 12, 2014.

/ Sue Lagarde/
SUE LAGARDE
JUSTICE, ASSIGNED